IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | Case No. 22 CV 0474 |
| ) | |
| v. ) | Judge Robert W. Gettleman |
| ) | |
| SMITH & COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Wells Fargo Bank, N.A. brings a one-count complaint against Smith & Company, Inc. for breach of contract. On February 10, 2023, plaintiff moved for summary judgment (Doc. 55). On February 16, 2023, defendant moved to strike plaintiff's motion for summary judgment (Doc. 62). For the reasons discussed below, the court denies defendant's motion, but grants defendant leave to conduct limited additional discovery.

## BACKGROUND

On or about April 23, 2018, plaintiff, a national bank, entered into a lease agreement ("the first contract") with defendant, to finance certain equipment. On or about May 10, 2018, plaintiff, as secured party, entered into a single-sided equipment finance agreement ("the second contract") with defendant, as debtor, to finance equipment. On February 15, 2019, defendant failed to make the payments due under both contracts and all payments thereafter, which is an event of default under both contracts. Upon an event of default, plaintiff is entitled to seek the balance owed under the contracts, along with other costs and fees.

According to plaintiff, when defendant stopped making payments, defendant attempted to sell the equipment, but failed to find a buyer. Defendant then gave some of the equipment to the

dealer of the collateral, Sitech North & Central Florida ("Sitech"), which was also unable to sell the equipment after several months. At this point, plaintiff's third-party remarketing agent, Remarketing Solutions International ("RSI"), obtained the equipment, and researched the market for specialized companies that might be interested in purchasing it. RSI received only one offer, and sold the equipment for $75,000. Defendant has not paid plaintiff for the balance of the contracts.

On April 26, 2022, defendant filed its answer and affirmative defenses to plaintiff's complaint. One affirmative defense is that plaintiff failed to act in a commercially reasonable manner in disposing of the equipment. In June 2022, the parties adopted a discovery schedule that included third-party depositions, and factual discovery closed on November 18, 2022. After the close of discovery, plaintiff's counsel asked plaintiff "to obtain information from RSI regarding RSI's efforts to sell the First Contract equipment." Plaintiff anticipated filing a motion for summary judgment, and acted "out of an abundance of caution and in order to close the door on Defendant's affirmative defense." At that time, plaintiff did not know what efforts RSI made to sell the equipment, who purchased the equipment, and how many offers RSI received for the equipment.

On January 12, 2023, RSI finalized two declarations from its employees, John O'Connor ("O'Connor") and Andres Gonzalez ("Gonzalez"). In his declaration, Gonzalez explains RSI's process to research the market and identify potential buyers, its process after receiving inquiries about the equipment, and the eventual offer. O'Connor provides general information on RSI and its business. According to plaintiff, O'Connor and Gonzalez authenticated various exhibits, some of which plaintiff produced to defendant, in addition to introducing new exhibits.

On February 10, 2023, plaintiff moved for summary judgment, and supports its motion

2

with O'Connor and Gonzalez's declarations. Rather than responding to plaintiff's motion for summary judgment, defendant filed a motion to strike the motion. Defendant argues that plaintiff cannot rely on O'Connor and Gonzalez's declarations because plaintiff did not disclose either individual as a witness or person with knowledge in this case during discovery. Moreover, plaintiff did not produce certain documents attached as exhibits, despite defendant's request for production and plaintiff's obligation to produce them. Defendant complains about unproduced emails to and from plaintiff's employee Aaron Kingi ("Kingi"), whom plaintiff never identified, in addition to Bob Lanik ("Lanik"), Dan Karpela ("Karpela"), Advanced Geodetic Surveys, Inc., and 4K Equipment, LLC.

Plaintiff counters that defendant should have been aware of these individuals and corporations because defendant was aware at the outset of discovery that RSI sold the equipment, and if not, plaintiff listed RSI and Sitech as parties likely to have information in its Rule 26(a)(1) disclosures. Moreover, plaintiff produced various documents referencing RSI, including a document signed by Gonzalez. Michael Wood, plaintiff's employee, mentioned RSI employee "Andy" was responsible for soliciting offers from buyers. Further, plaintiff asked defendant "several times over email and over the phone" whether defendant planned on deposing RSI, and defendant never did so.

## DISCUSSION

Defendant's primary argument in favor of striking plaintiff's motion is that plaintiff did not disclose witnesses and documents that it obtained after the close of discovery, which "alter the nature and complexion of [its] defense strategy, and severely prejudice its right to defend itself" against plaintiff's dispositive motion. Defendant argues that this evidence "was or should have been known to the plaintiff from day one," and accordingly, should have been disclosed.

Defendant cites Rules 26 and 37 in support. Rule 26 requires a party to provide other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. Pro. 26(a)(1)(A)(i). Further, Rule 26(e)(1) requires a party to supplement or amend its disclosures and discovery responses if it learns that the information disclosed, or its response to discovery requests, is "incomplete or incorrect, and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Under Rule 37(c)(1), when a party fails to disclose information required by Rule 26(a) or 26(e) without substantial justification, that party is not permitted to use that information or witness as evidence at trial, unless such failure is harmless.

The Seventh Circuit has further determined that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." Salgado by Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998). This court does not need to make explicit findings regarding a substantial justification or the harmlessness of a failure to disclose, but certain factors guide the court's discretion, including: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. See Spray-Rite Serv. Corp. v. Monsanto Co., 684 F.2d 1226, 1245 (7th Cir. 1982).

Plaintiff argues that it had no duty to supplement its discovery responses, and if it did, its failure to do so was justified or harmless. Plaintiff cites the Advisory Committee notes to Rule 26(e), which clarify that "the duty to supplement or correct" is limited to providing information "that was not originally provided although it was available at the time of the initial disclosure or

4

response." Plaintiff argues that it did not access this information until after the close of discovery, and the Seventh Circuit recognized in Gutierrez v. AT&T Broadband, LLC, 382 F.3d 725 (7th Cir. 2004), an ongoing obligation for parties to supplement their disclosures and discovery responses in only certain circumstances, "such as when the additional information 'has not otherwise been made known to the other parties during the discovery process.'" Id. at 733. In Gutierrez, the Seventh Circuit determined that the district court did not abuse its discretion in refusing to strike an affidavit proffered to support summary judgment, because the plaintiffs were on notice prior to the close of discovery that the affiant had pertinent information and failed to diligently pursue it. Id. at 732. The court did not reopen discovery, although the defendants did not list the affiant in their discovery responses or 30(b)(6) deposition notice. Id.

In the instant case, the court agrees with plaintiff that defendant was, at the very least, aware of the significance of RSI's documentation and testimony, because RSI was the sole entity with knowledge relevant to defendant's affirmative defense. Defendant's decision not to depose RSI appears to have been tactical. On the other hand, plaintiff's decision to delay seeking information about RSI's sale prior to the close of discovery also appears to have been tactical. Clearly, plaintiffs were aware that RSI had relevant information because plaintiff's counsel discussed the possibility of RSI's deposition with defendant's counsel "several times." The problem is not that plaintiff did not disclose the relevant individuals, corporations, or documents during discovery; the problem is that plaintiff consciously choose to wait until after the close of discovery to seek such information, where its obligation to supplement its disclosures is more ambiguous.

The court agrees with defendant that plaintiff had an obligation to supplement its disclosures beyond the close of discovery here, where plaintiff later became aware of the specific

RSI employees who had pertinent information about the sale. Knowing the significance of RSI is not the same as knowing the specific individuals in RSI who have pertinent discovery information. It is true that, where a party's own lack of diligence is to blame for that party's failure to secure discoverable information, it is not an abuse of discretion to deny further discovery. See Grayson v. O'Neill, 308 F.3d 808, 816 (7th Cir. 2002), cert. denied, 540 U.S. 824 (2003). In the instant case, defendant could have been more diligent in seeking "Andy" or other specific RSI employees. On the other hand, the instant case is more attenuated than Gutierrez, because defendant knew only generally of RSI, without knowing about specific names, such as Lanik, Karpela, O'Connor, or others.

       The court concludes that allowing plaintiff to use its attached declarations would be prejudicial to defendant if the court did not allow defendant the opportunity to conduct additional discovery by deposing O'Connor and Gonzalez, who may offer essential facts to justify defendant's opposition to plaintiff's motion. Because motions to strike are disfavored, and because the court determines that wholly striking plaintiff's motion would provide an excess of relief and unnecessarily prolong this litigation, the court denies defendant's motion to strike plaintiff's motion.

**CONCLUSION**

For the reasons discussed above, the court denies defendant's motion to strike (Doc. 62), but grants defendant leave to conduct limited additional discovery by deposing John O'Connor and Andres Gonzalez on or before May 15, 2023. Defendant is directed to file its response to plaintiff's motion for summary judgment (Doc. 55) on or before May 29, 2023, and plaintiff is directed to file its reply on or before June 12, 2023.

**ENTER:**

_____
**Robert W. Gettleman**
**United States District Judge**

**DATE: April 12, 2023**